## JOYCE v. McCORD.

### Opinion delivered April 24, 1916.

1. FRAUD AND DECEIT—FALSE REPRESENTATIONS—SALE OF STOCK.—One who has been induced to purchase property by the fraudulent representations of the vendor thereof, may recover in a court of law the damages which he has sustained thereby.

2. FRAUD AND DECEIT—FALSE REPRESENTATIONS—SALE OF PROPERTY.—In order for representations to be fraudulent in law, they must be material to the contract or transaction, and must be made by one who either knows them to be false, or else, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect.

3. FRAUD AND DECEIT—SALE OF STOCK—FALSE REPRESENTATION.—Where the seller of certain corporate stock made representations to the buyer which were false, and knowingly made by the seller to induce the purchaser to rely thereon to his injury, and such was their effect, then they were fraudulent, and the seller may be required to answer in damages for the injury to the buyer by reason thereof.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little*, Judge; reversed.

#### STATEMENT BY THE COURT.

This is a suit for damages alleged to have been sustained through false representations as to the value of certain bank stock, made in the sale thereof.

The complaint alleges that the defendant sold the plaintiff ten shares of stock in the Bank of Commerce of the city of Fort Smith, upon the express representation that the stock was worth par or more; that the bank was earning more than expenses and had earned certain funds out of which a dividend would be declared in the near future. That said representations were false and fraudulent and made with the intent to cheat, defraud and deceive plaintiffs and induce them to purchase said stock. That they relied upon said representations; had the right to do so and purchased same at the par value of $250; that defendant knew said representations were false and also at the time of the sale that an assessment of 50 per cent. had been levied against all stock in said bank and did not impart said knowledge to plaintiffs. That by reason of the representations and concealments,

they were damaged in the sum of $250 and prayed judgment accordingly.

The answer denied the material allegations of the complaint.

The testimony tends to show that appellants told appellee their stock of merchandise for a certain piece of land estimated at a certain price and for ten shares of $25 each of stock in the Bank of Commerce at Fort Smith, at its face value of $250, representing at the time to plaintiffs, who told him they knew nothing about the stock, that it was good stuff and he regretted he did not have $500 more of it; that no more could be had, all having been bought up and that there was none for sale; that although it had not paid a dividend he had been in a stockholder's meeting a short time before and they had figured it out and that it would pay a dividend for 1914. The sale of stock was completed on the 10th day of February, 1914.

Appellants testified that they were led to believe by McCord's statement that the stock was worth $250, but for which they would not have accepted it for that price. It was also shown that in December, 1913, a meeting of the stockholders of the bank was held to consider getting its affairs in such shape as that it could operate under the new banking law. That on the 6th day of January, 1914, at the stockholder's meeting at which defendant was present, the condition of the bank was freely discussed and all realized its bad condition. The directors held a meeting on the 23d day of January, 1914, to reduce the stock or assess the stockholders and on the 11th day of February, 1914, at a stockholder's meeting it was resolved, on account of the depreciation of certain assets of the bank, for restoring its capital, that the stockholders be required to pay 50 per cent. of the face value of their stock within thirty days and that all who failed to do so should have the amount of their stock reduced to 50 per cent. of its face value. Appellee denied having made any false representations whatever as to the value of the stock and said that he had told the appellants the

par value of the stock and that it had never paid a dividend, but he thought it would do so and had said nothing that should have misled them, about the value thereof.

The court instructed the jury refusing appellant's instructions submitting the issue to the jury upon the question of appellee's liability to the payment of damages for the alleged false representations made, and giving appellee's instructions limiting his liability to a breach of warranty or such representations as would amount thereto.

From the verdict upon the judgment against them appellants prosecute this appeal.

*Geo. W. Johnson,* for appellants.

1. The court erred in refusing to give the plaintiff's instructions. Those given are contradictory. Instructions must be harmonious and consistent. 99 Ark. 377; 83 *Id.* 61. The instructions given do not state the law and plaintiffs were entitled to have their cause submitted to the jury upon correct instructions.

2. A vendee may rely upon the representations of the vendor where he has no knowledge and the matter is peculiarly within the knowledge of the vendor. 98 Ark. 44; 97 *Id.* 265. In No. 2 given, the court attempted to define warranty, which has no place in this case. 92 Ark. 282; 73 *Id.* 542; 11 *Id.* 340. No. 3 is abstract and misleading. 90 Ark. 104. No. 4 is defective and erroneous. 99 Ark. 438; 30 *Id.* 535. No. 5 repeats the error in No. 1. 47 Ark. 148. The others are not the law. 47 Ark. 335; 55 *Id.* 296.

*Chester Holland,* for appellee.

1. There is no error in the court's charge to the jury. 98 Ark. 44; 20 Cyc. 37; 47 Ark. 148; 20 Cyc. 49, 51.

2. The instructions asked by appellant were covered by those given for appellee. The evidence was conflicting and the verdict will not be disturbed.

KIRBY, J., (after stating the facts). The court erred in giving appellee's said instructions and in refusing to give instructions one and two requested by appellants.

The suit was brought for damages for alleged false representations made in the sale of the stock and the issue was not properly submitted to the jury upon the instructions given.

(1-2) It is well settled that one who has been induced to purchase property by the fraudulent representations of the vendor has the right to recover in a court of law the damages which he has sustained thereby, but "in order for representations to be fraudulent in law, they must be material to the contract or transaction and must be made by one who either knows them to be false, or else, not knowing asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect." *La. Molasses Co. Ltd.* v. *Fort Smith Wholesale Gro. Co.,* 73 Ark. 542; *Jarratt* v. *Langston,* 99 Ark. 438; *Brown* v. *LeMay,* 101 Ark. 95; *Bank of Monette* v. *Hale,* 104 Ark. 396.

The said instructions asked by appellants properly stated the law applicable to the issue upon their contention and the court erred in not giving them. The testimony was in conflict but was sufficient if believed, to show that the representations as to the value of the stock had been made and that appellee stated further that while the stock had paid no dividends, he had been in a stockholder's meeting, recently before the sale, in which it was determined that there were sufficient funds already made by the bank, out of which a substantial dividend was to be declared, and that the stock was good stuff and no more of it was on the market; that he himself would like to be the owner of a great deal more of it.

(3) These representations were evidently made to assure the buyers of the value of the stock and induce them to purchase without any further investigation of the matter. If the representations were false and knowingly made by the seller to induce the purchaser to rely thereon to his injury and such was their effect, then they were fraudulent and the seller could be required to answer in damages for the injury to the buyer by reason thereof.

The instructions given ;by .the court ignored the theory of appellants' cause of action for damages for alleged fraudulent representations made in the sale of the stock, and erroneously submitted it upon the question of appellee's liability only in the event that the representations amounted to a warranty of the value. *La. Molasses Co. Ltd.* v. *Fort Smith Wholesale Gro. Co.,* 73 Ark. 542.

The representations were only an inducement to the making of the contract of sale, while a warranty would have been part of the contract and an action for its breach would have been upon the contract instead of for the fraudulent representations in the making of it. *Adams Machine Co.* v. *Castleberry,* 84 Ark. 573.

For the error in refusing said instructions one and two and giving those in conflict with the law as stated therein, the judgment is reversed and the cause remanded for a new trial.