No. 22,336.

AUGUST C. BECKER, *Appellee*, v. J. R. MCKINNIE, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE—*Water Rights—False Representations—Damages.* Where a seller makes positive representations to another in relation to a sale of property, and makes them as statements of facts, intending thereby to induce a purchase, and. the purchaser buys the property in reliance upon the representations, which are in fact untrue, the seller is liable for the damages sustained by the purchaser through the untruthful representations, although the seller may not have known that the representations were false when he made them, and although he may have had no intention to deceive the purchaser.

2. SAME — *False Representations — Measure of Damages.* The rule stated in *Epp v. Hinton*, 91 Kan. 513, 138 Pac. 576, as to the measure of damages where a sale of water rights is induced by false representations of the seller, is followed and applied.

3. SAME—*Evidence of Other Similar Acts Competent.* Evidence of other similar acts of misrepresentations and fraud by a party to the action may be admitted where they were made and perpetrated about the same time as the one in controversy.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed March 6, 1920. Affirmed.

*H. O. Trinkle,* of Garden City, for the appellant.

*Richard J. Hopkins,* of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: August C. Becker brought this action against J. R. McKinnie to recover damages for the fraudulent- representations made in the transfer of certain water rights. He recovered a judgment for $800, from which defendant appeals.

The plaintiff owned a forty-acre tract of land near the Great Eastern canal and reservoir number 5, and desired to obtain water to irrigate the tract. It was alleged that there was proof tending to show that defendant, through his agent, F. O. Bendle, represented that if plaintiff would purchase four water rights in the canal and four rights in the reservoir he would be furnished sufficient water to irrigate his tract at least twice during the irrigation season, and that there would be sufficient water with the normal rainfall for the production of crops. Among the representations made, it was stated that the reservoir had a holding capacity of 54,000 acre feet, while as a matter of fact it had only 17,500 acre feet, and instead of there being sufficient water to irrigate plaintiff's forty acres, it was only enough to irrigate about one-third of his tract.

The first contention is that the court erred in overruling defendant's demurrer to the petition. The fault relied on is that it did not allege that the statements made were known by defendant to be false when made, or that they were made with the intent to deceive. It is said that defendant may have made the statements innocently and honestly, with the belief that they were true. In effect it is alleged in the petition that defendant and his agent made the false statements for the purpose of procuring money from the plaintiff; that plaintiff had not discovered the deception and fraud practiced upon him when the sale was made, and would not have purchased the water rights nor paid for them if he had had knowledge of the deception and fraud. While the pleader did not in so many words state that defendant knew the statements to be false, the averments of the petition fairly imply that they were deceitfully made and that by reason of the deceit so practiced the plaintiff was induced to part with his money. However, it was enough if the false statements were made as facts to induce a sale and the plaintiff bought the water rights relying on defendant's representations. The defendant cannot escape liability for such false representations, even if he did not know them to be untrue. He had the means of knowledge, and it was his duty to know the truth before making the representations that were made. Having made them as facts and thereby induced the plaintiff to rely on the statements to his prejudice, he is bound although he may not have known that they were

untrue, and may have had no purpose to defraud the plaintiff. Under the circumstances, knowledge of the untruth is imputed to him, and in contemplation of law he knew his statements were false. In *Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585, it was decided that:

"If a seller makes positive statements and representations not known by him to be true, intending to induce a sale, and a purchase is made in reliance upon his representations which turn out to be false, his action is fraudulent and he is as answerable to the purchaser as if he had made the representations knowing them to be false." (Syl. ¶ 5.)

In another decision of like import, it was said:

"In this state, false statements of fact, made by a seller to induce a sale and relied on by the buyer, are actionable, without regard to whether or not the seller knew the statements to be false, or acted recklessly in making them, or intended to deceive." (*Bice v. Nelson,* 105 Kan. 23, 181 Pac. 558.)

(See, also, *Westerman v. Corder,* 86 Kan. 239, 119 Pac. 868; *Maffet v. Schaar,* 89 Kan. 403, 131 Pac. 589; *Akins v. Holmes,* 89 Kan. 812, 133 Pac. 849.)

Defendant cites *Stevens v. Allen,* 51 Kan. 144, 32 Pac. 922, as being opposed to this view. There the wife of the owner of land made untrue statements as to the land her husband was selling, and it was held that she was not responsible in damages for them. It will be observed, however, that in connection with the statements made she informed the buyer that she had never seen the land, that she did not know it or have any personal knowledge about it, and was only stating what her husband had told her. This was in effect a notice to the buyer that he could not safely rely on her statement. She did not have the means of knowledge and did not know whether the statements were true or false, and the defendant was not justified in relying on her statements. The only connection she had with the transaction was to relinquish her inchoate interest in her husband's land. In that case it was said that although she "derived no benefit from the trade, if she had made the statements as of her own knowledge or if it had been shown that she knew that the statements were false or had any reason to consider them false, a liability might have attached to her."

It is next contended that an instruction given was erroneous in that it laid down an incorrect measure of damages. It

Becker v. McKinnie.

stated that if the jury found the representations made by the defendant were false, and that the plaintiff relied on them to his injury, he was entitled to recover, and "the measure of his damages will be the difference in the value of the water rights if they had been as represented at the time the purchase was made, and the value of said rights as they actually were at the time of the purchase, which cannot exceed $800.00."

We think the court stated the proper measure of damages for the wrong complained of, and that the evidence warranted the instruction given. (*Epp v. Hinton,* 91 Kan. 513, 138 Pac. 576.)

Objection was made to the admission of evidence as to representations made by the defendant's agent to others concerning water rights. Some of them were evidently introduced to establish the agency of Bendle, and were competent for that purpose. Testimony was received of similar misrepresentations and frauds made and perpetrated by defendant's agent about the time of the transaction with the plaintiff. On an issue of fraud a wide latitude of inquiry is permitted. The other transactions were so nearly contemporaneous with that had with the plaintiff, and the representations so nearly like those made to the plaintiff, that the testimony was admissible. (*Elerick v. Reid,* 54 Kan. 579, 38 Pac. 814; *McCasker & Mallow v. Joseph Enright,* 64 Vt. 488; 12 R. C. L. 435.)

There was no lack of supporting evidence, nor any good reason for granting plaintiff's motion for a new trial.

Judgment affirmed.