ROSENBERG v. CYROWSKI.

1. FRAUD—WHEN ONE MAKING FALSE REPRESENTATIONS IS LIABLE.
Representations made by one party to another in a transaction between them, which are false in fact and actually deceive the other and are relied on by him to his damage are actionable, irrespective of whether the person making them knew them to be false or acted in good faith in making them, when the loss of the party deceived inured to the benefit of the other, but when the person

For authorities discussing the question as to whether statements made without knowledge of their falsity will afford ground for an action for fraud, see notes in 7 L. R. A. (N. S.) 646; 18 L. R. A. (N. S.) 379, 49 L. R. A. (N. S.) 1219.

making the representations is not a party to the transaction, and in no way profits by the act of the party defrauded in reliance on the representations made by him, he is liable for damage only in case, he knows the representations made by him to be false, and makes them for the purpose of deception and with the intent that they shall be relied on and acted on by the person to whom they are made, and loss or damage results therefrom.

2. SAME — ATTORNEY AND CLIENT — INSTRUCTIONS — LIABILITY OF ATTORNEY TO ONE OTHER THAN CLIENT.

In an action by brokers against the vendor's attorney for damages sustained by them by reason of his false representations that it was not necessary for them to have a written agreement of the vendor to pay the commission on a sale of real estate, where defendant was not a party to the transaction and it is not claimed that he profited by plaintiffs' injury, an instruction that if defendant stated that a written agreement was not necessary and that he so stated either knowing it to be false or with reckless disregard of its truth or falsity, and plaintiffs relied and acted thereon to their damage they might recover, _held_, erroneous, since, to find defendant liable, the jury must find that he made the representations, that he knew them to be false, that he intended to deceive plaintiffs and induce them to act on his advice, that they acted in reliance thereon, and sustained damages as a result thereof.

3. SAME—LIABILITY FOR MISREPRESENTATIONS AS TO MATTERS OF LAW—EXCEPTIONS TO RULE.

The general rule that fraud cannot be predicated upon misrepresentations as to matters of law, may be rendered inapplicable by the existence of peculiar facts and circumstances.

Error to Wayne; Jayne (Ira W.), J.    Submitted April 25, 1924.    (Docket No. 47.)    Decided June 2, 1924.

Case by Barnett Rosenberg and another against August Cyrowski for fraud.    Judgment for plaintiffs. Defendant brings error.    Reversed.

*Van Dyke, O'Brien & August,* for appellant.

*William Henry Gallagher,* for appellees.

SHARPE, J.    The plaintiffs are real estate agents in the city of Detroit.    In June, 1919, they arranged with Paul Cyrowski to sell certain property owned by him to one Steinberg.    It is their claim that a three per cent. commission was agreed upon.    They went to the office of Cyrowski's brother, the defendant, who was a practicing attorney, to have the papers prepared.    Rosenberg testified that while there he said to defendant:

" 'Mr. Cyrowski, make out an agreement for our commission.'    He said, 'What commission?'    'Three per cent.'    August said to Paul, 'Is that right?'    'Yes.'    'Do you know how much it is?'    He takes a pencil and figures $1,050, and he says, 'That is right.'    Paul said that is right.    I said, 'Make out an agreement.'    He said, 'you don't need any agreement.'    I said, 'August, I want an agreement.    I want a writing.'    He said, 'It ain't necessary, I am a lawyer and that is my brother and you will get every cent, take my word of honor.'    And that was all there was about it."

Karbel testified as to what was then said:

"I said, 'Mr. Cyrowski, please can you make out an agreement for our commission?'    He says, 'Mr. Karbel and Rosenberg take my word of honor, I am a lawyer and you don't need an agreement.    When you close the deal you will get your commission,' and he says, 'It is drawn how much is the commission,' and he said, 'three per cent.,' and I take the pencil and figure out $1,050 and he said to his brother, 'Are you satisfied to pay that?'    And he said, 'Yes, we agree,' and that is all."

Both testify that they "took his word for it" that a writing was not necessary.    The defendant denied that there was any talk about drawing an agreement for commission, and in this he is corroborated by

others present at the time. The sale was consummated, but the commission has not been paid.

Plaintiffs' declaration is grounded on a claimed false and fraudulent representation made by defendant that a written agreement was not necessary to enable them to recover a commission on the sale, on which they relied to their damage, the loss of the commission agreed upon. It does not count on any breach of duty arising from the relationship of attorney and client. Recovery is not sought based on any negligence of the defendant in giving advice in conflict with the statute, and we therefore do not consider it.

The trial court charged that if defendant stated that a written agreement was not necessary, and that he so stated either "knowing it to be false or with reckless disregard of its truth or falsity," and plaintiffs relied and acted on it to their damage, they might recover.

There was no privity of contract between the plaintiffs and the defendant. Neither does it appear that defendant in any way personally profited by the plaintiffs' having been misled to their damage by his utterance. When action is brought to recover for false and fraudulent representations made by one party to another in a transaction between them, any representations which are false in fact and actually deceive the other and are relied on by him to his damage are actionable, irrespective of whether the person making them knew them to be false or acted in good faith in making them, when the loss of the party deceived inured to the benefit of the other. *Holcomb v. Noble,* 69 Mich. 396; *Busch* v. *Wilcox,* 82 Mich. 315; *Aldrich* v. *Scribner,* 154 Mich. 23 (18 L. R. A. [N. S.] 379); *Hubbard* v. *Oliver,* 173 Mich. 337; *Bartholomew* v. *Walsh,* 191 Mich. 252; *Mulheron* v. *Koppin Co.,* 221 Mich. 187; *Bucannan* v. *Raymond,* 224

Mich. 462; 26 C. J. pp. 1108, 1109; 12 R. C. L. pp. 335, 336.

But when the person making the representations is not a party to the transaction and in no way profits by the act of the party defrauded in reliance on the representations made by him, he is liable for damage only in case he knows the representations made by him to be false, and makes them for the purpose of deception and with the intent that they shall be relied on and acted on by the person to whom they are made and loss or damage results therefrom. *Aldrich* v. *Scribner, supra; Steele* v. *Banninga,* 225 Mich. 547.

Applying these rules to the facts here presented, it is clear that this instruction given was erroneous. To hold the defendant liable, the jury must find that he made the representation as testified to by plaintiffs; that he knew he was not stating the truth; that he intended to deceive the plaintiffs and induce them to act on his advice; that they acted in reliance upon it, and sustained damages as a result thereof.

The more serious question is whether, under the proof submitted by plaintiffs, any liability attaches to the defendant. He was under no obligation to give legal advice to the plaintiffs. He might have declined to do so. He was acting for his brother, the vendor, in preparing the contract of sale with the vendee whom plaintiffs had produced, a person ready, willing and able to purchase the property. The plaintiffs had at that time earned the commission agreed upon between themselves and the vendor. In order that they might be in a position to enforce payment, they believed (and were right about it) that they must have the commission agreement reduced to writing. By the advice given, defendant relieved his client from a liability which would have been incurred by him, had such advice not been given. If he knowingly, and with the intent to deceive them and relieve his client from such payment, falsely represented to them

that it was not necessary to have a written agreement in order to enforce collection of their commission, and they relied and acted upon it, we are of the opinion that plaintiffs may recover.     In 1 Thornton on Attorneys at Law, § 295, it is said:

"An attorney's liability does not end with being answerable to his client.     He is also liable to third persons who have suffered injury or loss in consequence of fraudulent or tortious conduct on his part."

The cases cited in support of the text are mostly those in which the attorney actively participated in the enforcement of process, illegally issued.     In some of them the purpose knowingly to aid the client to do an illegal act was presented.

It is the general rule that "fraud cannot be predicated upon misrepresentations as to matters of law." 12 R. C. L. p. 295.     The writer, however, adds that the rule "may be rendered inapplicable by the existence of peculiar facts and circumstances."  *Id.* 296.     The cases cited afford little help in determining the question here presented.     The rule is founded on the maxim that "All men are presumed to know the law." Experience teaches us that this maxim finds but little support in fact.     It may be doubted if it was ever intended to excuse fraud.     In *Longmeid* v. *Holliday,* 6 Exch. 761, 766, it was said:

"If any one knowingly tells a falsehood, with intent to induce another to do an act which results in his loss, he is liable to that person in an action for deceit."

In *Fish* v. *Kelly,* 17 C. B. N. S. 194, an action was brought against an attorney for giving mistaken advice to one not a client.     Erle, C. J., said:

"Under the circumstances, I do not think the defendant can be held responsible for the representation he made, unless it could be shown that at the time he made it he knew it to be false."

227—Mich.—33.

In *Savings Bank* v. *Ward,* 100 U. S. 195, the liability of an attorney to a party other than his client was involved.    He had signed a certificate of title which was erroneous.    It was held that the attorney was not liable, there being no privity of contract between him and the plaintiff.    It was, however, said:

"Where there is fraud or collusion, the party will be held liable, even though there is no privity of contract."

In *Buckley* v. *Gray,* 110 Cal. 339 (31 L. R. A. 862, 52 Am. St. Rep. 88), it was sought to hold an attorney liable for negligence in drawing the will of plaintiff's mother by which he was deprived of a share of her estate to which he would otherwise have been entitled. It was held that there was no liability, there being no privity of contract between the son and the attorney. *Fish* v. *Kelly, supra,* and *Savings Bank* v. *Ward, supra,* were commented on and quoted from.    It was, however, said:

"Cases where fraud and collusion are alleged and proved constitute exceptions to that rule."

It is here claimed, and the claim finds support in the proofs and the inferences that may fairly be drawn therefrom, that the vendor had agreed to pay to plaintiffs a commission of three per cent. on the selling price of the premises; that the defendant represented to the plaintiffs that it was not necessary for plaintiffs to have their commission agreement with the vendor (defendant's brother, and at that time his client) put in writing in order that recovery on it might be had; that defendant then knew that he was not stating the truth; that he made such statement for the purpose of deceiving plaintiffs and inducing them to permit the deal to be closed without such a writing being prepared and executed, and that plaintiffs relied on his statement and suffered the loss of their commission

thereby.   In our opinion, if the jury should find the facts to be as plaintiffs claim, they may recover from the defendant the commission they would otherwise have been enabled to secure from the vendor.

The judgment is reversed, and a new trial granted, with costs to appellant.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.