LANEY-PAYNE FARM LOAN COMPANY *v.* GREENHAW.

Opinion delivered June 18, 1928.

*John E. Miller* and *Charles W. Mehaffy,* for appellant.

*Woods & Greenhaw,* for appellee.

HART, C. J., (after stating the facts). This court has steadily adhered to the rule that the findings of fact made by a chancellor will not be set aside on appeal unless they are clearly against the preponderance of the evidence. Tested by this rule, it cannot be said that the decree of the chancery court is erroneous because the finding of fact made by the chancellor is clearly against the weight of the evidence.

According to the testimony of appellee, W. H. Laney, one of the appellants, induced him to purchase the stock in the Booneville bank upon the false representation that said bank was solvent, when in fact it was not. If the testimony of Greenhaw was true, the chancellor was justified in finding that Laney made statements to him of the value of the stock in the Booneville bank, based on his own knowledge of fact and not upon information received from third persons. If a person makes an assertion of facts of which he is ignorant, whether such

assertion is true or false, he becomes responsible in a civil action as if he had asserted to be true that which he knew to be untrue. The value of the stock was a material fact which induced appellee Greenhaw to enter into the contract which is the basis of this action; and if Laney represented as of his own knowledge that the stock of the Bankers' Joint Stock Land Bank was worth above par, when in fact he had no such knowledge, then he would be responsible in damages. In other words, it is the settled rule of this court that, if a representation is made by the seller of the nature of which he had no knowledge, or which he knows to be false, it will constitute fraud. *Hunt* v. *Davis,* 98 Ark. 44, 135 S. W. 458; *Bell* v. *Fritts,* 161 Ark. 371, 256 S. W. 53; *Myers* v. *Martin,* 168 Ark. 1028, 272 S. W. 856; *Stroud* v. *Henderson,* 171 Ark. 338, 284 S. W. 45; and *Joyce* v. *McCord,* 123 Ark. 492, 185 S. W. 775.

In discussing alleged false representations to induce a person to buy stock in a bank, in the case last cited, the court said:

"These representations were evidently made to assure the buyers of the value of the stock and induce them to purchase without any further investigation of the matter. If the representations were false, and knowingly made by the seller to induce the purchaser to rely thereon to his injury, and such was their effect, then they were fraudulent, and the seller could be required to answer in damages for the injury to the buyer by reason thereof."

It is true that Laney denied having made the representations to Greenhaw; but the chancellor found that he did make such representations, and it cannot be said that his finding is against the clear preponderance of the evidence. If he did make them, he either knew them to be false, or made them recklessly without knowing the facts in the case, and in any event, under the authorities above cited, would be liable in damages.

It is claimed that the representations were not false, and that there is no proof in the record tending to show

that the bank was insolvent in August, 1923, at the time when the representations about the value of the stock were made. The bank went into liquidation in May or June, 1924, and was never able at any time after the contract was entered into to furnish the money on any of the loans applied for through Greenhaw. Therefore the chancellor was justified in finding that the bank was insolvent at the time the representations were made. Greenhaw testified that he relied on the representations of Laney as to the value of the stock, and that this induced him to enter into the contract in question and to pay the $1,000 in cash for said stock, and to give Laney two notes for the balance of the purchase money thereof; therefore the court rightly rendered judgment for Greenhaw against Laney in this sum.

We are of the opinion, however, that the court erred in rendering judgment in favor of Greenhaw against Laney for $500, claimed to have been expended by him in advertising and traveling expenses. According to the testimony of Greenhaw, he worked throughout a period of eight months in securing applications for loans, and claimed expenses in the sum aggregating $500. He admits that during this time he was also soliciting insurance for his insurance company, and makes no attempt whatever to give an itemized statement of the money paid out by him in securing farm loans under the contract sued on. If Greenhaw intended to recover his expenses as a part of his damages for an alleged breach of the contract, it was his duty to have rendered an itemized statement of his expenses, and he is not entitled to recover by just stating a lump sum extending over a period of eight months. Therefore we are of the opinion that he failed to establish his claim of $500 for expenses, and that the court incorrectly allowed the same.

It follows that the court erred in rendering a decree in appellee's favor against appellants for the sum of $500, and in this respect the decree will be reversed and appellee's cause of action dismissed. In other respects the decree of the chancellor was correct, and it will be affirmed.