KOLINSKI *v.* SOLOMON.

1. FRAUD—ATTORNEY'S FALSE REPRESENTATIONS AS TO BUILDER'S EXPERIENCE—EVIDENCE.

In action for damages because of alleged conspiracy to defraud plaintiff by false·representations inducing her to enter into a building contract with an inexperienced builder, evidence that defendant attorney represented such builder as an old, reliable, substantial firm *held*, sufficient to permit jury to find that attorney made false representations to plaintiff concerning experience and qualifications of builder upon which plaintiff relied to her damage.

2. SAME—AGENCY—INSTRUCTIONS.

In action by one who claimed to have been damaged by reason of alleged conspiracy on the part of defendant attorney and defendant builder to defraud plaintiff where jury found attorney was not an agent of other defendant in making false representations as to builder's experience and qualifications, failure to instruct jury so as to require it to find that attorney knew the representations to be false when made was reversible error.

3. SAME—PROFITS—KNOWLEDGE OF FALSITY.

In action for fraud where defendant personally profited by having misled plaintiff to her damage by reason of defendant's false utterance, recovery may be had whether defendant did or did not know of the falsity of the utterance when made but where defendant was not a party to the transaction and did not profit therefrom, defendant must be shown to have had knowledge of the falsity of his utterance when made and to have made it with intent that it be relied upon by the person to whom made in order to be held liable.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 8, 1942. (Docket No. 47, Calendar No. 41,982.) Decided December 23, 1942.

Assumpsit by Clara W. Kolinski against Stuart W. M. Reichstein, doing business as the Buhl Building Company, and Joseph W. Solomon on a building contract. Judgment for plaintiff. Defendant Solomon appeals. Reversed and new trial granted.

*Dale H. Fillmore,* for plaintiff.

*Louis Rosenzweig* and *Reuben Glazer,* for defendant.

CHANDLER, C. J. Plaintiff's amended declaration contained two counts. Count one charged a conspiracy between defendants to defraud her by false representations inducing her to enter into a building contract with defendant Reichstein, as a result of which she entered into said contract and was damaged thereby. Count two seeks to recover damages from defendant Reichstein for breach of the building contract.

Although defendant Solomon, appellant herein, was served with process, he entered no appearance and his default was duly taken. The jury found in favor of plaintiff against both defendants and judgment was accordingly entered.

Appellant is an attorney and prior to the transactions involved herein had acted in a professional capacity for plaintiff's husband. In support of her charges of misrepresentation, plaintiff testified that in the spring of 1939 she was in appellant's office on an errand for her husband at which time appellant asked her why she didn't build a home. She testified:

"*A.* He said he knew a builder who would build a house cheaper, five or six hundred dollars less than any other company. I asked what company it was. He said the Buhl Building Company and operated by Reichstein. I said, 'Don't be in such a hurry.'

He said they were an old, reliable, substantial firm, and built you a good home, better than anybody else. I asked him if he had any experience. He said 'Sure, sure, they built two houses for me,' and 'Four clients and in each case they were all well built and satisfied.' He said it was the best company I could get in touch with. He guaranteed them to be first class in every respect.

"*Q.* Were there any statements made by Solomon relative to the length of time they had been building in Detroit?

"*A.* He said they had been building for several years in Detroit, an old, well-established firm, and that they built homes all over the city of Detroit."

Appellant claims the record contains no evidence of fraud. We think, however, that the foregoing testimony, together with other statements appearing in the record, was sufficient to permit the jury to find that appellant made false representations to plaintiff concerning Reichstein's experience and qualifications as a builder upon which she relied to her damage.

According to plaintiff, Reichstein excavated the basement for the house on a lot purchased by plaintiff and laid the sewer. She then learned that the representations of Solomon were false and that Reichstein had had no experience as a builder. By this time she had paid $800 on the building contract which she demanded be refunded but Reichstein refused to repay the sums he had received under the contract. No further work was done and plaintiff was eventually compelled to pay for refilling the basement excavation.

Four special questions were submitted to the jury. Those pertaining to appellant, with the answers of the jury thereto were as follows:

Question 2. Did defendant Solomon make false representations of material facts to the plaintiff to

enter into the building contract described as Exhibit 1?

Answer: Yes.

Question 3. Was Joseph W. Solomon acting as the agent of the defendant Stuart W. M. Reichstein?

Answer: No.

Question 4. Was Joseph W. Solomon acting as the attorney for plaintiff Clara W. Kolinski?

Answer: No.

It is to be noted that the jury specially found that appellant was not acting for either plaintiff or Reichstein at the time the alleged fraudulent representations were made. This is of importance in connection with the claim that the court erred in his charge to the jury.

The court charged:

"The court further instructs the jury, if you find that the representations were made and that they were false and you so find them to be false, that the defendants, or one of them knew them to be false, and that the plaintiff relied upon them, then there would be no other question for you to determine; that plaintiff would be entitled to recover damages and then it would be necessary for you to determine what damages the plaintiff should recover."

This instruction failed to take into account that where there is no privity between the party making the alleged fraudulent representations and he in no way profits by the act of the party relying on such representations, it must be found that he knew the representations to be false when made. Here, appellant was not a party to the transaction between plaintiff and Reichstein; he, as far as the record discloses, received no profit as a result of the alleged fraud, and the following rule was, therefore, applicable.

"There was no privity of contract between the plaintiffs and the defendant. Neither does it appear

that defendant in any way personally profited by the plaintiffs' having been misled to their damage by his utterance. When action is brought to recover for false and fraudulent representations made by one party to another in a transaction between them, any representations which are false in fact and actually deceive the other and are relied on by him to his damage are actionable, irrespective of whether the person making them knew them to be false or acted in good faith in making them, when the loss of the party deceived inured to the benefit of the other. * * *

"But when the person making the representations is not a party to the transaction and in no way profits by the act of the party defrauded in reliance on the representations made by him, he is liable for damage only in case he knows the representations made by him to be false, and makes them for the purpose of deception and with the intent that they shall be relied on and acted on by the person to whom they are made and loss or damage results therefrom." (*Rosenberg* v. *Cyrowski,* 227 Mich. 508, 511.)

The court should have charged the jury in accordance with the foregoing authority and his failure so to do was reversible error. We do not find that the error so occurring is cured by a reading of other portions of the charge as plaintiff claims.

Reversed and remanded as to defendant Solomon for a new trial, with costs to appellant.

Boyles, North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.