273 P.2d 748

**HAM  v.  HART.**

No. 5758.

Supreme Court of New Mexico.

Aug. 9, 1954.

Howard F. Houk, Santa Fe, for appellant.

Charles B. Barker, Santa Fe, for appellee.

LUJAN, Justice.

During the summer of 1949 the defendant (appellee) had a water well drilled on the premises referred to in the complaint. She used water therefrom by means of a pump operated by electric current until November of that year when the electricity was turned off and never used again for approximately four years, or, until it was sold to plaintiff in 1953. A log was furnished defendant by the well driller in 1949 which indicated that it was 150 feet deep and would produce two gallons of water per minute at that time.

The plaintiff (appellant) instituted this action to recover damages alleged to have been sustained by reason of false and fraudulent representations made by the defendant to the plaintiff. The principal allegations in the complaint are in the following words:

"3. That during the negotiations, and in order to induce the plaintiff to purchase said property, the defendant falsely and fraudulently represented to the plaintiff that the well located on the premises was a good one, and that said well would produce and pump not less than two gallons of water per minute; that the plaintiff, relying on said false and fraudulent representations of the defendant as to the condition of the well and as to the amount of water it would produce, agreed to and did purchase said property; that subsequent to the time that the plaintiff purchased and paid for said property, he discovered that the well located on said premises was worthless and would not produce two gallons of watter per minute as represented by the defendant at all material times hereto.

"4. That the plaintiff would not have purchased the property of the defendant but for the false and fraudulent representations made to him by the defendant as to the condition and productivity of said well.

"5. That because of the condition of the well on said premises and its failure to be in the condition as represented by the defendant or to produce the water as represented by the defendant, it was necessary for the plaintiff, in order to procure the necessary supply of water on the premises, to obligate himself and expend the sum of $2,056.-08 to his damage in said sum. * *"

The cause was tried to the court, who, at the conclusion of the entire case, on motion of defendant, dismissed plaintiff's complaint and he appeals. The parties will be referred to as they appeared in the district court.

According to the record, there is abundant testimony to show that the defendant on three different occasions represented to plaintiff that the well in question had ample water capable to producing not

less than two gallons of water per minute, when in fact it only produced one-half gallon per minute at the time the property was delivered to plaintiff; and that he relied upon said representations.

It is insisted that the trial court committed error in making the following finding of fact and conclusion of law:

"Finding No. 14. That the defendant was motivated by neither bad faith nor dishonesty in her statements to the plaintiff."

"Conclusion No. 4. That the facts upon which this case is brought are consistent with honesty on the part of the defendant and that the presumption of honesty should prevail."

Whether the defendant acted honestly and in good faith is immaterial. The culpability which stamps statements as a fraud is in the assertion of that to be true which is not true, although believed to be true, when made to be relied upon and which are relied upon to the injury of the party misled. Becker v. McKinnie, 106 Kan. 426, 186 P. 496; Aldrich v. Scribner, 154 Mich. 23, 117 N.W. 581, 18 L.R.A.,N.S., 379; Rosenberg v. Cyrowski, 227 Mich. 508, 198 N.W. 905; Romine v. Thayer, 74 Ind. App. 536, 128 N.E. 456; Joyce v. McCord, 123 Ark. 492, 185 S.W. 775; Laney-Payne Farm Loan Co. v. Greenhaw, 177 Ark. 589, 9 S.W.2d 19, 73 A.L.R. 1117.

In 1 Story, Equity Jurisprudence, 14th Edition, sec. 272, Justice Story uses this language:

"Whether the party thus misrepresenting a material fact knew it to be false, or made the assertion without knowing whether it were true or false, is wholly immaterial; for the affirmation of what one does not know or believe to be true is equally in morals and law as unjustifiable as the affirmation of what is known to be positively false. And even if the party innocently misrepresents a material fact by mistake, it is equally conclusive; for it operates as a surprise and imposition upon the other party."

The statements as to the number of gallons the well would produce were material as a positive assertion of fact, affording a decisive consideration on plaintiff's willingness to contract. He relied upon their truth and accuracy.

We held in Jones v. Friedman, 57 N.M. 361, 258 P.2d 1113, that irrespective of the good faith with which a misrepresentation of material fact is made, if it is justifiably relied on by one seeking rescission of the contract, such rescission should be allowed, and we reaffirm that holding.

And in Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013, 1015, we said:

"The representation was material in its bearing on defendant's willingness

to contract. If untrue, whether made innocently or with fraudulent intent, it was actionable, when relied upon by defendant, as the trial court found it was."

For other cases holding to the same effect, see Wilson v. Robinson, 21 N.M. 422, 155 P. 732, Ann.Cas.1918C, 49; Bell v. Kyle, 27 N.M. 9, 192 P. 512; and Thrams v. Block, 43 N.M. 117, 86 P.2d 938.

The Jones and Bennett cases, as well as those holding to the same effect, were in equity, but we can see no difference in the principle involved in an action at law for damages and a suit in equity for rescission. Trust Company of Norfolk v. Fletcher, 152 Va. 868, 148 S.E. 785, 73 A.L.R. 1111.

It is true that the weight of authority in actions at law for fraudulent misrepresentations require proof of knowledge. However, a strong minority follow the equity view that good faith is immaterial and we believe this view the better one and here adopt it.

Other errors are assigned and argued, but no additional question need be decided in view of the disposition we must make of the question just discussed.

For the reasons stated the judgment will be reversed and the cause remanded for further proceedings in conformity herewith.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.