439 P.2d 712

**Julia TREVINO, by her Next Friend, Leon M. Trevino, Plaintiff-Appellant,**

**v.**

**MUTUAL OF OMAHA INSURANCE COMPANY, a corporation, formerly known as Mutual Benefit Health and Accident Association, and H. C. Moore, Defendants-Appellees.**

**No. 8532.**

Supreme Court of New Mexico.

April 15, 1968.

**64**

Adams & Vallentine, Albuquerque, for appellant.

Toulouse, Ruud, Gallagher, & Walters, Albuquerque, for appellees.

## OPINION

NOBLE, Justice.

Julia Trevino, by next friend, sued Mutual of Omaha Insurance Company, hereafter referred to as insurance company, and H. C. Moore, its adjuster, seeking damages alleging fraud in obtaining a release of all claims under the policy. The court took the case from the jury and directed a verdict for the defendants at the conclusion of plaintiff's case. Plaintiff has appealed. We are required to determine whether there was sufficient evidence to present an issue of fact to the jury. Our review of the record convinces us that the directed verdict was erroneous.

The insurance policy agreed to pay Julia Trevino $50 each month so long as she lives and suffers total loss of time caused by illness or accident. The record discloses that she suffered a cerebral hemorrhage, loss of speech and paralysis of the right arm in August, 1957, and that later an amputation of the left foot was required. Monthly payments were promptly made until May and June, 1960. On June 8, 1960, the defendant procured a complete release of all claims under the policy in consideration of a payment of $950.

Mortality tables disclose that based upon life expectancy, she would have received some $7500 if the disability had continued during the remainder of her life. There is evidence that following the default in May, 1960, Mrs. Trevino called the adjuster's office and that on June 8, 1960, defendant Moore called at the Trevino home. The record likewise discloses evidence that defendants had received reports that the Trevinos were in financial difficulties as a result of the expense of Mrs. Trevino's illness, and that they were having some trouble buying an artificial leg. There is evidence that Mrs. Trevino had been taught to speak some words and to sign her name. The evidence as to the extent of her recovery was conflicting but a psychologist testified that Mrs. Trevino was not mentally competent to transact any business in June, 1960, when the release was secured. Mr. Trevino testified that the defendant Moore asked about their financial condition, to which he replied: "You just can't imagine. I know very well I am completely broke. I am against the wall, I went to the extent that I already pawned my wife's ring for four hundred dollars." He then testified that Mr. Moore said: "Do you think that you could help yourself with a thousand dollars?" Trevino said: "A thousand dollars? Where they come from? Heaven?" And that Moore replied: "No, I could give Mrs. Trevino a thousand dollars."

There is conflicting testimony as to whether the lump sum payment was to be an advance against the monthly payments and as to whether, in fact, Mrs. Trevino consented to a settlement or release of all claims. The record makes it clear that the trial judge made a determination of the credibility of plaintiff's witness and directed the verdict because he did not believe the testimony offered by the plaintiff. This court is firmly committed to rule that upon motion for a directed verdict at the conclusion of the plaintiff's case, all testimony and all reasonable inferences flowing therefrom tending to

prove plaintiff's case must be accepted as true, and all evidence which tends to disprove it must be disregarded. Hole v. Womack, 75 N.M. 522, 407 P.2d 362; Hutchison v. Boney, 72 N.M. 194, 382 P.2d 525; Gibson v. Helms, 72 N.M. 152, 381 P.2d 429; Edwards v. Ross, 72 N.M. 38, 380 P.2d 188; Woods v. Brumlop, 71 N. M. 221, 377 P.2d 520; Thompson v. Dale, 59 N.M. 290, 283 P.2d 623.

■ Measured by the above rule, the evidence and reasonable inferences flowing therefrom presented issues of fact for determination by the jury. At this point in the trial, the credibility of witnesses is not an issue to be determined by the court; it is solely a jury question. Dungan v. Smith, 76 N.M. 424, 415 P.2d 549.

It follows that the court erred in directing a verdict. The case must be reversed with direction to vacate the verdict and the judgment based thereon, and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.