485 P.2d 353

**John E. HOCKETT and Mary Belle Hockett, his wife, Plaintiffs-Appellees,**

**v.**

**John O. WINKS and Lucille C. Winks, his wife, Defendants-Appellants.**

**No. 9094.**

Supreme Court of New Mexico.

May 10, 1971.

Rehearing Denied June 1, 1971.

Olmsted & Cohen, Santa Fe, for appellants.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellees.

# 598

## OPINION

OMAN, Justice.

This is a suit filed in Rio Arriba County, New Mexico, to recover damages arising out of an agreement for the sale and purchase of property. Defendants were the sellers, and plaintiffs the purchasers. Following a trial to the court without a jury, a judgment was entered against defendants. Defendants appeal. We reverse.

The first issue to be resolved is that of the theory upon which plaintiffs pleaded and tried their case in the court below. Defendants take the position this is a suit for claimed fraud and deceit, and, consequently, plaintiffs had the burden of establishing each essential element of the tort by clear and convincing evidence. McLean v. Paddock, 78 N.M. 234, 430 P.2d 392 (1967); Visic v. Paddock, 72 N.M. 207, 382 P.2d 694 (1963); Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962).

Plaintiffs, on the other hand, urge they are entitled to rely upon the principle announced in Ham v. Hart, 58 N.M. 550, 273 P.2d 748 (1954), which principle plaintiffs assert "is a different cause of action from" the tort of fraud and deceit. We agree the principle announced in Ham v. Hart, supra, is not consistent with the tort of deceit upon which plaintiff relied in Sauter v. St. Michael's College, supra, but we do not agree plaintiffs are entitled to rely upon the principle announced in Ham v. Hart, supra.

█ It is apparent to us from the record that plaintiffs did proceed in deceit, and the trial court so treated the case. A few of the matters in the record which lead us to this conclusion are: (1) in their complaint plaintiffs alleged and relied upon claimed false and fraudulent representations and fraudulent concealment of certain defects; (2) in a "Memorandum in Response to Order for Pretrial Conference," plaintiffs stated that defendants made false and fraudulent representations and concealed known latent defects, and stated the

legal issue on the question of liability was "[w]hether * * * the fraud of the defendants caused plaintiffs' damages"; (3) in their requested findings of fact, plaintiffs requested the trial court to find, and the trial court did find, that certain representations made by defendants were false, were known by defendants to be false, were made by defendants with intent to deceive plaintiffs, and plaintiffs relied upon same to their damage; (4) in their requested conclusions of law, plaintiffs requested, and the court concluded accordingly, that defendants committed a tortious act in fraudulently inducing plaintiffs to enter into the contract in question; and (5) the trial court concluded, without question or objection from plaintiffs, that the fraudulent acts had "been established by clear and convincing evidence."

█ Plaintiffs rely upon the following language in Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App.1968): "Even though the trial court may have erred in applying the actionable fraud rule of the Sauter case in some of the findings and conclusions, the result reached was not altered thereby, * * *." This is not the case now before us. The trial court in this case did not confuse the rules, but made findings and conclusions consistent with the actionable deceit rule of the Sauter case, which was the rule under which plaintiffs here pleaded and tried their case. They may not properly change the theory of their case on appeal. Pfleiderer v. City of Albuquerque, 75 N.M. 154, 402 P.2d 44 (1965); Board of Education, etc. v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968).

█ However, insofar as the opinion in Ham v. Hart, supra, held that the principle of equity applicable to the rescission of contracts is applicable in the tort of deceit (or fraud and deceit as it is sometimes called), undertook to modify the essential elements of the tort of deceit, or sought to create a new tort predicated upon the stated principle of equity, we disavow and hereby overrule that opinion.

The question next presented on this appeal is simply whether the evidence was sufficient to establish clearly and convincingly each essential element of the tort of deceit. A review of the record convinces us that some of the trial court's findings are not supported by substantial evidence [see for a definition of substantial evidence, McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968)], and none of the essential findings are supported by clear and convincing evidence. Evidence is clear and convincing in support of the essential elements of deceit only if it instantly tilts the scales in the affirmative on each element, when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the charges as to each element are true. Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299 (1955).

The judgment should be reversed with directions to the trial court to enter judgment in favor of defendants and dismiss plaintiffs' complaint with prejudice.

It is so ordered.

TACKETT and McMANUS, JJ., concur.