499 P.2d 356

Leslie E. MAXEY and Mary A. Maxey,
Plaintiffs-Appellants,

v.

Cecil QUINTANA et al., Defendants-
Appellees.

No. 798.

Court of Appeals of New Mexico.

May 26, 1972.

Certiorari Denied June 29, 1972.

Henry G. Coors, IV, Albuquerque, for plaintiffs-appellants.

G. W. Hannett, Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellees Quintana.

Turner W. Branch, Branch & Dickson, Albuquerque, for appellee Jack Dailey Realty, Inc.

## OPINION

WOOD, Chief Judge.

Plaintiffs purchased real property from Quintana (the Quintana defendants). Dailey (Jack Dailey Realty, Inc.) was the real estate agent. Plaintiffs sought damages from all defendants on the basis of false representations made in connection with the transaction. These alleged misrepresentations have to do with the type of mortgage on the property—VA or FHA—and thus with the amount of interest which plaintiffs would have to pay under the mortgage. The damage claim is asserted to be the additional amount of interest required to be paid because of the alleged misrepresentations.

Th trial court dismissed the amended complaint on the basis that it failed to state a claim upon which relief could be granted. This action raises the first two issues: (1) whether a claim for fraud was pleaded, and (2) whether "negligent misrepresentation" states a basis for relief. The parties agree that defendants' motion was also for summary judgment and, although the trial court's order does not so state, agree that its ruling was also a summary judgment for defendants. This raises three additional issues: (3) whether there was an absence of fact issues in connection with the summary judgment; (4) whether there was a merger by deed; and (5) whether plaintiffs were estopped.

### Asserted claims for fraud.

Against Quintana, Count I of the amended complaint alleges: (1) identification of the parties and residency; (2) that on September 25, 1969, plaintiffs entered into an agreement to purchase property in Albuquerque, New Mexico, from Quintana; (3) that Quintana misrepresented to plaintiffs, both on the listing sheet and personally, that the property was subject to a mortgage to the Veterans Administration, with 5¼ percent interest; (4) that the mortgage was to Federal Housing Administration rather than to the Veterans Administration and the property was addi-

tionally subject to a ½ percent FHA mortgage insurance charge; (5) that plaintiffs relied upon the representation of Quintana and would not have purchased the property had they known it was subject to both a 5¼ percent interest first mortgage and a ½ percent FHA insurance charge; (6) that plaintiffs will have to pay the sum of $1,622.90 for FHA insurance which they would not have had to pay if the mortgage had been with the Veterans Administration.

Against Dailey, Count II of the amended complaint alleges: (1) allegations (1), (2) and (6) above set out; (2) that on September 30, 1969, at the closing of the purchase, plaintiffs noted that the closing statement contained an item for "FHA Insurance" and that Dailey represented and assured plaintiffs that the property was subject to a Veterans Administration mortgage and that the item for FHA insurance was inappropriately shown on the closing statement; (3) that the representations and the assurances of Dailey were false and the property was subject to both the 5¼ percent Federal Housing Administration mortgage and a ½ of one percent Federal Housing Administration fee; (4) that Jack Dailey was acting in the course of his employment and as agent for defendant Jack Dailey Realty, Inc.; (5) that plaintiffs relied upon the representations and assurances of Dailey and would not have purchased the property if they had known it was subject to the FHA mortgage.

Rule 9(b) of the Rules of Civil Procedure [§ 21–1–1(9) (b), N.M.S.A.1953 (Repl.Vol. 4)], provides that the circumstances constituting fraud shall be stated with particularity. This requirement of particularity does not abrogate Rule 8 of the Rules of Civil Procedure [§ 21–1–1(8), N.M.S.A.1953 (Repl.Vol. 4)], and it should be harmonized with the general directives in subdivisions (a) and (e) of Rule 8 that the pleadings should contain a "short and plain statement of the claim or defense" and that each averment should be "simple, concise and direct." Carrigan v. California State Legislature, 263 F.2d 560 (9th Cir. 1959), cert. denied, 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929, states:

> "* * * We do not think that one rule 'controls' another when they apply to the same subject matter, but that each must be read together. When fraud is alleged, it must be particularized as Rule 9(b) requires, but it still must be as short, plain, simple, concise, and direct, as is reasonable under the circumstances, and as Rules 8(a) and 8(e) require."

■ One of the principal purposes of the Rules of Civil Procedure is to simplify litigation procedures and thus avoid technical roadblocks to a "speedy determination of litigation upon its merits" if trial is necessary. Section 21–3–1, N.M.S.A.1953 (Repl.Vol. 4); Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968); Benson v. Export Equipment Corporation, 49 N.M. 356, 164 P.2d 380 (1945). The pleading and motion provisions of the rules should be construed to effect this purpose.

■ Considering the allegations in Counts I and II as a whole, and in light of Rules 8(a) and (c) and 9(b), supra, we hold the amended complaint alleges fraud with sufficient particularity. The allegations should leave no doubt in the defendants' minds as to the claim asserted against them. In Romero v. Sanchez, 83 N.M. 358, 492 P.2d 140 (1971), our Supreme Court held that the claim is sufficient if the facts alleged are facts from which fraud will be necessarily implied, and that it is unnecessary to use words such as "fraud" or "fraudulent." Accepting the allegations of Counts I and II as true, as we must do at this time, we believe the requirements of *Romero* have been met here.

*Negligent misrepresentation.*

Count III repeats certain allegations against Quintana, but we cannot determine what claim is asserted. Count III also alleges negligent misrepresentation on the part of Dailey. Dailey asserts that negligent misrepresentation is not a claim on which relief can be granted.

The basis of this contention involves the difference between rescission of a contract and damages for fraud or deceit in connection with the contract. Rescission may be effected without regard to the good faith with which a misrepresentation is made. See Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131 (1953); Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013 (1950). To recover damages for fraud or deceit, the misrepresentation must be knowingly or recklessly made with intent to deceive. Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962). For the difference between rescission and an action for damages see Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967).

Ham v. Hart, 58 N.M. 550, 273 P.2d 748 (1954) states: " * * * we can see no difference in the principle involved in an action at law for damages and a suit in equity for rescission. * * *" Thus, under Ham v. Hart, supra, in a suit for damages, it was immaterial whether the defendant acted honestly and in good faith. Although Ham v. Hart, supra, was decided in 1954, it was infrequently applied in damage cases. See Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071 (1959); Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct. App.1968). Instead, the stricter fraud rule announced in Sauter v. St. Michael's College, supra, was the rule applied. See Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967).

Hockett v. Winks, 82 N.M. 597, 485 P.2d 353 (1971) states:

" * * * insofar as the opinion in Ham v. Hart, supra, held that the principle of equity applicable to the rescission of contracts is applicable in the tort of deceit (or fraud and deceit as it is sometimes called), undertook to modify the essential elements of the tort of deceit, or sought to create a new tort predicated upon the stated principle of equity, we disavow and hereby overrule that opinion."

Hockett v. Winks, supra, made it clear that New Mexico law retains the distinction between the proof required for rescission and the proof required to obtain damages for fraud or deceit. Dailey relies on Hockett v. Winks, supra, in contending that "negligent misrepresentation" provides no basis for relief.

This contention, in our opinion, extends the decision in Hockett v. Winks, supra, beyond the words used by our New Mexico Supreme Court. The language used states three things—(1) the elements of the tort of fraud or deceit have not been modified, (2) whether a defendant acted honestly and in good faith *is* material to the tort of fraud or deceit, and (3) there is no damage action based solely on facts under which there may be a rescission.

Here, we deal with the claim that misrepresentations occurred and that the misrepresentations were negligently made to plaintiffs' damage. In our opinion neither Ham v. Hart, supra, nor Hockett v. Winks, supra, addressed themselves to this situation. This situation involves neither rescission nor the tort of fraud or deceit.

Where a plaintiff is so circumstanced that he cannot or does not wish to rescind, and cannot meet the proof required for the tort of fraud or deceit, is he without a remedy for damages caused by a misrepresentation short of fraud? The view that a plaintiff must either rescind, or prove fraud or deceit, or is remediless stems from the English case of Derry v. Peek, 14 App.Cas. 337, 58 L.J. ch. 864 (1889).

After the decision in Derry v. Peek, supra, various courts held that since negligent misrepresentation was not included in the action for fraud or deceit, no other action was available and that the wrong of negligent misrepresentation was without a remedy. This view was more concerned with the form of the action than with the substantive law of liability. Prosser, Law of Torts § 102, at 720 (3rd Ed. 1964) states: " . . . Several . . . courts, recognizing the essential basis of

the liability, have carried over the negligence action itself from tangible injuries to economic loss, and have allowed recovery in such an action. This position has prevailed, and the negligence action is now generally allowed for negligent misrepresentation, even though it causes only pecuniary harm. . . ." Supporting this view are: United States v. Garcia & Diaz, Inc., 291 F.2d 242 (2nd Cir. 1961); Tartera v. Palumbo, 224 Tenn. 262, 453 S.W. 2d 780 (1970); Brown v. Underwriters at Lloyd's, 53 Wash.2d 142, 332 P.2d 228 (1958); see United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961).

■ We hold that negligent misrepresentation is an action upon which relief can be granted, that it is a tort determined by the general principles of the law of negligence and that it is an action separate from the action of fraud or deceit. See Restatement Torts (Second) § 552 (1965). This holding is consistent with Snell v. Cornehl, 81 N.M. 248, 466 P.2d 94 (1970), which, although a rescission case, stated that for constructive fraud there need be only a breach of a legal duty and that it was not necessary that actual dishonesty of purpose or intent to deceive exist.

*Summary judgment.*

■ One element of fraud is the intent to deceive. Sauter v. St. Michael's College, supra. Dailey claims he made a showing of no intent to deceive and plaintiffs came forward with nothing raising a factual issue as to his intent; thus, he asserts summary judgment in his favor on the fraud claim was proper.

■■ We disagree. Intent may be inferred from the circumstances surrounding the dealings between plaintiffs and Dailey. Compare State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971). Intent is usually a question for the jury. Perea v. Colorado Nat. Bank, 6 N.M. 1, 27 P. 322 (1891). Intent is a question for the jury where its determination depends on credibility of the witnesses. Trevino v. Mutual

of Omaha Insurance Company, 79 N.M. 63, 439 P.2d 712 (1968). The deposition testimony of plaintiffs concerning the circumstances of the dealings between plaintiffs and Dailey raised a factual issue as to Dailey's intent.

Dailey also contends he was entitled to summary judgment on the negligent misrepresentation claim. He asserts he did nothing other than what was customarily done by a real estate agent and did no more than repeat what had been told to him. However, there is nothing showing the standards or customs of real estate agents and nothing showing a real estate agent has no obligation of any kind in respect to representations made by him to induce a sale. There are factual issues as to a real estate agent's duty. In so holding, we point out that Dailey does not argue the legal basis for holding a real estate agent liable for negligence.

Summary judgment could not be properly granted on the basis of an absence of a factual issue.

*Merger by deed.*

Quintana asserts that plaintiffs' claims are barred as a matter of law because there was a merger by deed and, therefore, summary judgment was proper. It is pointed out that plaintiffs signed a purchase agreement agreeing " * * * to pay cash to existing 1st mortgage of record * * *;" signed a closing statement which refers to "FHA Insurance, Expired Portion" which gave a $72.93 credit to the plaintiffs and later accepted a warranty deed which conveyed the property to plaintiffs, subject to the FHA mortgage.

■ Generally speaking " * * * the delivery and acceptance of a deed in pursuance of a contract for the sale of land merges the covenants of the prior contract in the deed even though they are not expressly incorporated therein * * *. The rule, however, does not apply to collateral obligations in the contract of sale of which the deed is not a performance. * * *" Kuzemchak v. Pitchford, 78 N.

M. 378, 431 P.2d 756 (1967). For cases concerning collateral matters, in addition to Kuzemchak v. Pitchford, supra, see Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co., 77 N.M. 730, 427 P.2d 249 (1967); Chavez v. Gomez, 77 N.M. 341, 423 P.2d 31 (1967); Continental Life Ins. Co. v. Smith, 41 N.M. 82, 64 P.2d 377 (1936).

■ The listing sheet, signed by Quintana, identifies a VA mortgage, not an FHA mortgage. The record raises factual issues as to representations by Quintana and by Dailey concerning a VA mortgage, and a representation by Dailey that the reference in the closing statement to "FHA Insurance, Expired Portion" was erroneous. Assuming plaintiffs' allegations are true, if there was a covenant concerning the type of mortgage prior to the deed, it was that there was a VA mortgage. That covenant as to a VA mortgage was not performed by a deed that conveyed subject to an FHA mortgage. Compare Kuzemchak v. Pitchford, supra.

As stated in Everett v. Gilliland, 47 N. M. 269, 141 P.2d 326 (1943):

"* * * The false representation and the contract were distinct and separable. The former was the inducement for the latter, and did not merge in the contract or deed. * * *"

The alleged misrepresentation concerning a VA mortgage was not merged in a deed conveying the property subject to an FHA mortgage.

*Estoppel.*

Although not raised as a separate point, Quintana suggests that plaintiffs are estopped from recovering damages for the alleged misrepresentations. The contention is that plaintiffs "had a duty to read and comprehend that which they were signing" and are "bound by the instruments that they signed." See Morstad v. Atchison, T. & S. F. Ry. Co., 23 N.M. 663, 170 P. 886 (1918).

■ The answer is that plaintiffs claim they entered into a transaction on the basis of false representations by the defendants. If those false representations in fact occurred, there can be no estoppel because defendants cannot take advantage of their own wrong. Sauter v. St. Michael's College, supra; see Pattison v. Ford, 82 N.M. 605, 485 P.2d 361 (Ct.App. 1971). A further answer is there is nothing to show that defendants have taken any position to their detriment by the action of plaintiffs in purchasing the property on the basis of defendants' alleged misrepresentations. American Ry. Express Co. v. Gallup State Bank, 33 N.M. 251, 264 P. 947 (1928).

Whether the trial court's order is a dismissal for failure to state a claim or a summary judgment, that order is reversed. The cause is remanded with instructions to reinstate the amended complaint on the docket of the court. Plaintiffs shall be given leave to further amend their complaint to clarify against whom the claim of negligent misrepresentation is being asserted and the basis for that claim.

It is so ordered.

HENDLEY and COWAN, JJ., concur.