689 P.2d 1269

**RIO GRANDE JEWELERS SUPPLY, INC., a New Mexico corporation, Plaintiff-Appellee,**

v.

**DATA GENERAL CORPORATION, a foreign corporation, Defendant-Appellant.**

**No. 15387.**

Supreme Court of New Mexico.

Sept. 24, 1984.

Rehearing Denied Oct. 25, 1984.

Lawrence H. Hill, Paul L. Civerolo, Civerolo, Hansen & Wolf, P.A., Albuquerque, for plaintiff-appellee.

Duane C. Gilkey, Jo Saxton Brayer, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellant.

## OPINION

WALTERS, Justice.

Under the provision of NMSA 1978, Section 34-2-8 (Repl.Pamp.1981), we accepted certification of a question of state law from the Tenth Circuit Court of Appeals. That question is:

> Whether, in a sale of goods context governed by the New Mexico Commercial Code, a commercial purchaser of a computer system (hardware and programmable software) may maintain an action in tort against the seller for pre-contract negligent misrepresentations regarding the system's capacity to perform specific functions, where the subsequently executed written sales contract contains an effective integration clause, and an effective provision disclaiming all prior representations and all warranties, express or implied, not contained in the contract.

We hold that the action for negligent misrepresentation may not be maintained.

## FACTS.

Rio Grande Jewelers Supply, Inc. (Rio Grande) purchased computer hardware from Data General Corporation (Data General), and computer software from Automated Quill, Inc. (Automated Quill), in 1975. The system performed below Rio Grande's expectations and Rio Grande brought suit in the federal district court in 1978 against Data General and Automated Quill, alleging negligent misrepresentation, fraud, negligence, breach of express and implied warranties, and strict liability. Only the negligent misrepresentation claim against both Data General and Automated Quill, and the breach of express warranties claim against Automated Quill, went to the jury, the trial court having disposed of the other claims in favor of Data General and Automated Quill. The jury awarded Rio Grande $10,000 against Automated Quill and $115,000 against Data General on its negligent misrepresentation claims. Judg-

ment was entered accordingly. Data General appealed, raising the issue certified to us by the Tenth Circuit Court of Appeals.

## DISCUSSION.

Citing *Bell v. Lammon,* 51 N.M. 113, 179 P.2d 757 (1947), Data General contends that the parol evidence rule (incorporated into the Commercial Code through NMSA 1978, Section 55-2-202), precludes the admission of any evidence of representations made prior to the formation of the written contract. To admit evidence of the prior representations on Rio Grande's tort claim of negligent misrepresentation, it urges, would negate the intended effect of NMSA 1978, Section 55-2-316, which provides that warranties may be disclaimed, and would be contrary to the favored policy of "freedom of contract" discussed in *Lynch v. Santa Fe National Bank,* 97 N.M. 554, 627 P.2d 1247 (Ct.App.), *cert. denied* (1981).

In support of allowing such evidence, Rio Grande points to NMSA 1978, Section 55-1-103, where it is expressly provided that the law of misrepresentation shall supplement the provisions of the Commercial Code unless displaced by a particular provision of the Code. Rio Grande also argues, citing *Maxey v. Quintana,* 84 N.M. 38, 499 P.2d 356 (Ct.App.). *cert. denied* 84 N.M. 37, 499 P.2d 355 (1972), that a cause of action for negligent misrepresentation is recognized in New Mexico, and recovery for economic loss suffered as a result of the commission of that tort is allowed.

We are persuaded that, in the context of this case, Rio Grande's action for negligent misrepresentation is in direct conflict with Section 55-2-316 of the Commercial Code and with the policy favoring freedom of contract.

Four factors are of critical importance in our disposition of the question in this case. First, the contract between Data General and Rio Grande specifically provided that it was to be the "complete and exclusive statement" of the agreement between the parties. Second, the question certified contains the datum that there was an *effective* disclaimer by Data General of warranties

not contained within the written contract. Third, the representations alleged by Rio Grande in the negligent misrepresentation count are precisely the same representations alleged in the counts for breach of express and implied warranties. Fourth, fraud was not argued as an issue on appeal. *See Bell v. Lammon.* Under these circumstances, Rio Grande's claim for negligent misrepresentation can be nothing more than an attempt to circumvent the operation of the Commercial Code and to allow the contract to be rewritten under the guise of an alleged action in tort.

In *Smith v. Price's Creameries, Division of Creamland Dairies, Inc.*, 98 N.M. 541, 650 P.2d 825 (1982), plaintiff sued when defendant terminated their contractual agreement. He alleged breach of contract, misrepresentation, and slander. Although defendant was permitted to terminate by the terms of the written contract, plaintiff alleged that defendant had made prior oral representations to the effect that the contract would not be terminated. The trial court granted summary judgment for defendant. The issue before us in that case was not whether an action for misrepresentation could be brought (the issue was the "unconscionability" of the termination clause in the contract); we nevertheless emphasized the rule that parties will be bound by the terms of written agreements to which they freely commit themselves. "[W]here the parties are otherwise competent and free to make a choice as to the provisions of their contract, it is fundamental that [the] terms of the contract made by the parties must govern their rights and duties." 98 N.M. 544, 650 P.2d at 828. Addressing Smith's claim of a prior oral representation by defendant that the contract would not be terminated as long as performance was satisfactory, we stated:

> Even assuming the truth of this assertion, in the face of the clear wording of the rights of the parties under the termination clause, the oral statement of Price's made prior to execution of the agreement cannot be deemed to constitute fraud or misrepresentation.

*Id.* Sections 55–2–202 and 55–2–316 codify that rule in transactions under the Commercial Code.

■ The contract between the parties here specifically provided, in bold-face type, that no warranties except those specifically listed in the contract were granted. There is no indication or claim that the transaction was not undertaken at arm's length or freely entered into by two commercial entities. Under such circumstances, New Mexico's Commercial Code precludes a claim of pre-contract negligent misrepresentation in suits concerned with sale of goods under the Code.

The question of law certified to us in this case is answered in the negative.

FEDERICI, C.J., SOSA, Senior Justice, and STOWERS, J., concur.

RIORDAN, J., dissents.

RIORDAN, Justice (dissenting).

The majority opinion condones the unconscionable conduct of allowing statements, promises or inferences to be made that lead the purchaser to believe that a product will do certain things that it cannot without having to be concerned about their inaccuracy as long as the written contract contains the usual "boiler plate" language that "no warranties except those contained in the printed contract are granted."

I believe that this disclaimer language should not and does not negate a cause of action for negligent misrepresentation. I do not believe that was the intent of the legislature in adopting the Uniform Commercial Code. NMSA 1978, Section 55–1–103 states in part:

> Unless displaced by the particular provisions of this act, the principles of law and equity, ... principal and agent, estoppel, fraud, misrepresentation, ... shall supplement its provisions.

The majority holds that the remedy of negligent misrepresentation is in conflict with Section 55–2–316 of the Code which covers exclusions or modification of warranties. I do not agree.