**UNITED STATES WELDING, INC., Plaintiff,**

**v.**

**BURROUGHS CORP., Defendant.**

**Civ. A. No. 81–K–745.**

United States District Court, D. Colorado.

Aug. 22, 1985.

Leigh M. Lutz, Lutz & Berkowitz, Denver, Colo., Hamman, Benn & Miller, Chicago, Ill., for plaintiff.

Bruce A. Featherstone, Kirkland & Ellis, Denver, Colo., Stephen T. Johnson, Rothgerber, Appel & Powers, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case is now before me on defendant Burroughs' renewed motion to dismiss, or in the alternative, for summary judgment, Counts II and III of plaintiff U.S. Welding's complaint. Burroughs' motion shall be treated as one to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state claims upon which relief may be granted.

This lawsuit arises out of U.S. Welding's dissatisfaction with its lease of a computer system and operating software from Burroughs. Counts II and III allege that U.S. Welding was induced to lease the Burroughs computer system as a result of intentional and negligent misrepresentation by Burroughs concerning the capabilities and reliability of the computer system.

Previously, Burroughs filed a motion to dismiss or, in the alternative, for summary judgment, on Count III. Burroughs' motion was premised on the contention that Colorado does not recognize a cause of action for negligent misrepresentation where the transaction in issue is covered by warranty provisions of the Uniform Commercial Code and where the only damages asserted involve economic loss and not physical injury or property damage. By Memorandum Opinion and Order, I denied Burroughs' motion because Colorado law recognizes claims in tort for negligent misrepresentation. Recovery for such claims is not precluded by statutory provisions of express contractual remedies nor where the plaintiff alleges only economic loss. *Unit-ed States Welding, Inc. v. Burroughs Corp.*, 587 F.Supp. 49 (D.Colo.1984).

Burroughs has now renewed its motion to dismiss the claim for negligent misrepresentation on different grounds. Burroughs has also moved to dismiss U.S. Welding's claim for fraud.

### I.

Burroughs argues, and I agree, that the claim for negligent misrepresentation should be dismissed pursuant to the Tenth Circuit's recent decision in *Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22 (10th Cir. 1984).

In *Isler*, the defendant owned a federal oil and gas lease that it farmed out to plaintiff. The farmout agreement provided that the defendant would use its best efforts to make rental payments but had no responsibility to the plaintiff if it failed to do so. Through negligence, the defendant failed to make the necessary rental payments and the lease expired. Plaintiff sued for breach of the farmout agreement and negligence. In response to special interrogatories, the jury returned a verdict for the defendant on the breach of contract claim, but held the defendant liable in tort for damages caused by its negligence. 749 F.2d at 22.

On appeal, the defendant challenged the jury verdict on the ground, *inter alia*, that the farmout agreement barred liability in tort. The Tenth Circuit, applying New Mexico law, reversed the verdict of liability for negligence. The court held that "the contract specifically defined the rights and duties of the parties regarding rental payments and notice, thereby precluding any extracontractual tort duty regarding such payments...." 749 F.2d at 24. The Tenth Circuit reasoned that tort theories cannot be used to nullify limited liability bargained and provided for in the contract:

The effect of confusing the concept of contractual duties, which are voluntarily bargained for, with the concept of tort duties, which are largely imposed by law, would be to nullify a substantial part of what the parties expressly bargained

for—limited liability. Unless such bargains are against public policy (covered either by prohibitory statutes or well-defined, judge-made rules such as unconscionability), there is no reason in fact or in law to undermine them. Indeed, it would be an unwarranted judicial intrusion into the marketplace. No reason appears to support such a radical shift from bargained-for duties and liabilities to the imposition of duties and liabilities that were expressly negated by the parties themselves when they decided to abandon their status as legal strangers and define their relationship by contract.

749 F.2d at 23.

The Tenth Circuit also relied heavily in *Isler* on the New Mexico Supreme Court's recent decision in *Rio Grande Jewelers Supply, Inc. v. Data General Corp.*, 101 N.M. 798, 689 P.2d 1269 (N.M.1984). In *Rio Grande*, the plaintiff purchased a computer system from the defendant. The system performed below the plaintiff's expectations and the plaintiff brought suit in the federal district court against the defendant alleging, among other claims, negligent misrepresentation made prior to the formation of the contract and breach of express warranties. The contract included an integration clause and a provision disclaiming all prior representations and all warranties, express or implied, not contained therein. Despite the disclaimer, the jury awarded damages to the plaintiff on its negligent misrepresentation claim.

The defendant appealed, raising the issue of

[w]hether, in a sale of goods context governed by the New Mexico Commercial Code, a commercial purchaser of a computer system ... may maintain an action in tort against the seller for pre-contract negligent misrepresentations regarding the system's capacity to perform specific functions, where the subsequently executed written sales contract contains an effective integration clause, and an effective provision disclaiming all prior representations and all warranties, express or implied, not contained in the contract.

689 P.2d at 1270.

The Tenth Circuit certified this question to the New Mexico Supreme Court. That court found the plaintiff's claim of negligent misrepresentation was "nothing more than an attempt to circumvent the operation of the Commercial Code [which provides that warranties may be disclaimed] and to allow the contract to be rewritten under the guise of an alleged action in tort." 689 P.2d at 1271. Stressing that to allow such a tort claim "would be contrary to the favored policy of 'freedom of contract'", 689 P.2d at 1270, the court further stated that "where the parties are otherwise competent and free to make a choice as to the provisions of their contract, it is fundamental that [the] terms of the contract made by the parties must govern their rights and duties." 689 P.2d at 1271; quoting *Smith v. Price's Creameries, Division of Creamland Dairies, Inc.*, 98 N.M. 541, 544, 650 P.2d 825, 828 (1982).

In holding that "the action for negligent misrepresentation may not be maintained," 689 P.2d at 1270, the New Mexico Supreme Court found several factors to be of "critical importance". First, the court found that the contract was the "complete and exclusive statement" of the agreement between the parties. 689 P.2d at 1270. Second, the court stated that there was an effective disclaimer of warranties not contained in the written contract. 689 P.2d at 1270-71. Finally, the alleged negligent misrepresentations were the same as the representations alleged in the counts for breach of express and implied warranties. 689 P.2d at 1271.

■ The Tenth Circuit's decision in *Isler* and its reliance on *Rio Grande* compel the conclusions that courts should not interfere with the parties' freedom to contract and that a claim for negligent misrepresentation is not valid where an integrated con-

tract specifically disclaims prior representations and warranties.

## II.

For Burroughs to prevail on its motion to dismiss a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). All facts must be construed in favor of the plaintiff. *See Swanson v. Bixler*, 750 F.2d 810, 812 (10th Cir.1984); *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967).

■ Applying *Isler* and *Rio Grande* to the instant case, and particularly, the factors set out in *Rio Grande*, I conclude that U.S. Welding's claim for negligent misrepresentation is not valid.

First, as in *Rio Grande*, there is an integrated contract. The lease agreement, which is appended as an exhibit to Burroughs' answer,[1] states that "[t]his Agreement ... constitutes the entire agreement, understanding and representations, express or implied, between the CUSTOMER and BURROUGHS with respect to the equipment and services, and supersedes all prior communications including all oral and written proposals." Second, paragraph 14 of the lease provides for an effective disclaim-

er of warranties not contained in the contract: "EXCEPT AS SPECIFICALLY PROVIDED IN THIS AGREEMENT, THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." Third, the alleged negligent misrepresentations, as stated in the complaint,[2] are the same as the representations alleged in U.S. Welding's claim for breach of implied warranties, which claim I have already dismissed because implied warranties are effectively disclaimed in the lease agreement. *See United States Welding, Inc. v. Burroughs Corp.*, No. 81–K–745 (D.Colo. Sept. 12, 1984).

Although these circumstances are sufficient under *Isler* and *Rio Grande* to dismiss the claim for negligent misrepresentation, my decision is further supported by paragraph 14 of the lease agreement which specifically limits Burroughs' liability for such misrepresentations:

No representation or other affirmation of fact, including but not limited to statements regarding capacity, suitability for use, or performance of the equipment shall be or be deemed to be a warranty by BURROUGHS for any purpose, nor give rise to any liability or obligation by BURROUGHS whatsoever.

For these reasons, U.S. Welding's claim for negligent misrepresentation fails to state a claim upon which releif can be

1. Under Fed.R.Civ.P. 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Since the lease agreement is an exhibit to Burroughs' answer in this case, it is part of that pleading under Rule 10(c). It is not extraneous material, consideration of which would require conversion of Burroughs' Rule 12(b)(6) motion into one for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

2. Paragraph 6 of Count I of the complaint, which is realleged in Counts II, III, and IV, asserts that:

[w]ith the intent and purpose of inducing Plaintiff to acquire a computer system, togeth-

er with the software components, Burroughs' representatives made various representations to the Plaintiff, including:

(a) That the 1860 system as configured would provide both batch and on-line processing;

(b) That the 1860 system would provide multi-program, multi-access on-line processing through terminals;

(c) That the 1860 system would operate enough terminals to handle Welding's needs; and

(d) That the 1860 system was reliable and fully supported by Burroughs.

granted. Accordingly, Burroughs' motion to dismiss this claim is granted.

### III.

Burroughs has also moved for dismissal of U.S. Welding's claim for fraudulent misrepresentation. Burroughs argues that the same reasoning applies to fraudulent misrepresentation where there is an effective disclaimer in the contract. In *Isler*, the Tenth Circuit implied that all claims based on tort would be invalid where the contract limits or disclaims liability based upon such torts. 749 F.2d at 23. The court recognized, however, that fraud is a well established *contract* doctrine and judicial intervention is permitted where there is fraud:

> The social policy in the field of contract has been left to the parties themselves to determine, with judicial and legislative intervention tolerated only in the most extreme cases. Where there has been intervention, it has been by the application of well established contract doctrines, most of which focus on threats to the integrity of the bargaining process itself such as fraud or extreme imbalance in bargaining power.

749 F.2d at 23–24.

Given these statements, it is far from clear that a claim for fraudulent misrepresentation should be treated in the same manner as a claim for negligent misrepresentation, even where there is a disclaimer. In other words, Burroughs has not shown "beyond doubt" that U.S. Welding's claim for fraudulent misrepresentation fails to state a claim upon which relief can be granted. Thus, Burroughs' motion to dismiss this claim is denied.

IT IS THEREFORE ORDERED THAT:

1. Burroughs' motion to dismiss U.S. Welding's claim for negligent misrepresentation is granted. Count III of the complaint is dismissed.

2. Burroughs' motion to dismiss U.S. Welding's claim for fraud is denied.

3. Trial, scheduled 3 September 1985, shall proceed as to Counts I and II of the complaint.