Patty Rae STANLEY

v.

**Ralph A. MIRO, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1987.
Decided May 6, 1988.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for plaintiff.

Paul W. Chaiken (orally), Rudman & Winchell, Bangor, for Mainco, et al.

Stephen J. Lyman (orally), Southwest Harbor, for Miro.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Plaintiff, Patty Rae Stanley, appeals from the judgment entered December 23, 1985, after a seven-day trial in Superior Court (Hancock County) for all the Defendants, and for certain of them as Counterclaimants, in this action seeking to recover damages for breach of contract and for tortious misrepresentations. The counterclaim resulted in a judgment of foreclosure and sale against the Plaintiff.

The Plaintiff's claim arose out of her contract with the Defendants, Ralph A. Miro and Mary T. Miro, relating to her purchase from them in February, 1984, of the campground at Bar Harbor that these Defendants operated under the name of Mount Desert Narrows Campground. She included as Defendants Mainco Realty, Inc., Rupert Neily and George Thomas; these parties figured in the transaction in various capacities as real estate brokers. Significantly, the Plaintiff (herself a licensed real estate broker in another state) was represented by counsel for several months before the closing. She had declined to adopt a recommendation that she obtain an independent appraisal of the property, and she had made only a limited inspection of the premises herself.

Her contract of purchase not only recited that it was entered into "after full investigation" but expressly provided that "all understandings and agreements heretofore" were integrated into that contract.

In her complaint the Plaintiff claimed that she had been damaged both by negligent misrepresentation and by innocent misrepresentation of the property she purchased. The Superior Court, sitting without a jury, found that no misrepresentations had been made by the Defendants to her and concluded that, because of the integration clause in the contract of purchase, she could not rely upon the representation allegedly made to her during the negotiation of that contract. The conclusions were amply supported by the record before us. In those circumstances the Plaintiff takes nothing by her further assertion that pursuant to M.R.Civ.P. 52 she was entitled to findings of fact and conclusions of law beyond those set forth in the judgment entered in this cause. *See Bradford v. Harris*, 499 A.2d 159, 160 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.