## Sturm v. Humber

*Annette P. Landes* and *Joel M. Scheer,* for plaintiff.
*Gary A. Brienza,* for defendants John B. Conneen and Olga F. Conneen.

FREEDBERG, *J.*, July 7, 1992—This matter is before the court on the motion for partial summary judgment of defendants John B. Conneen and Olga F. Conneen (sellers). Briefs were submitted at the March 30, 1992, session of argument court, and the matter is now ready for disposition.

The matter arises out of the sale of a termite-infested house. The plaintiffs (buyers) allege in count III of their complaint that the sellers fraudulently or negligently misrepresented the condition of the house. Sellers deny that they misrepresented any material facts and move for partial summary judgment as to buyers' negligent misrepresentation claim, arguing that the parol evidence rule bars evidence of any negligent misrepresentation alleged to have been made.[1]

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

1. The parol evidence rule is a substantive rule of contract law which has been described as follows:

"Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence." *Myers v. McHenry*, 398 Pa. Super. 100, 106, 580 A.2d 860, 863 (1990) (quoting *LeDonne v. Kessler*, 256 Pa. Super. 280, 286-87, 389 A.2d 1123, 1126-27 (1978)); see also *Gianni v. R. Russel & Co.*, 281 Pa. 320, 126 A. 791 (1924).

of law." Pa.R.C.P. 1035(b). Summary judgment is only appropriate in cases which are clear and free from doubt. *Harristown Development Corp. v. Commonwealth,* 135 Pa. Commw. 177, 580 A.2d 1174 (1990). In ruling on a motion for summary judgment, the court must accept as true all well-pleaded facts, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Keenheel v. Commonwealth,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990).

The parties' contract contained the following representation/integration clause:

"It is understood that buyer has inspected the property, or hereby waives the right to do so and has agreed to purchase it as a result of such inspection and not because of or in reliance upon any representation made by the seller or any other officer, partner or employee of seller. The buyer has agreed to purchase it in its present condition unless otherwise specified herein. It is further understood that this agreement contains the whole agreement between the seller and the buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale. Furthermore, this agreement shall not be altered, amended, changed or modified except in writing executed by the parties." Plaintiff's complaint, Exhibit A.

In addition, the contract contained the following language:

## "TERMITES

"This agreement is contingent upon buyer conducting a termite and other wood-boring insect inspection of the

property within 10 days of the seller's approval of this agreement.... If infestation is found, seller shall be responsible for paying for extermination. If extensive structural damage is found, buyer shall have the option, within said 10 days, of declaring this agreement null and void and receiving all down monies." *Id.*

Although sellers concede that the parol evidence rule might not bar evidence of a fraudulent misrepresentation under the instant facts, see *LeDonne v. Kessler*, 256 Pa. Super. 280, 389 A.2d 1123; Glanski v. Ervine, 269 Pa. Super. 182, 409 A.2d 425 (1979), sellers claim that the integration clause bars parol evidence of any negligent misrepresentation. Thus, sellers maintain that summary judgment must be granted in their favor on buyers' negligent misrepresentation claim.

The issue of whether an integration clause in a real estate sales agreement bars evidence of negligent misrepresentations has never been directly addressed by the appellate courts of this Commonwealth. However, a similar issue was addressed in *Rempel v. Nationwide Life Insurance Co. Inc.*, 227 Pa. Super 87, 323 A.2d 193 (1974), *aff'd,* 471 Pa. 404, 370 A.2d 366 (1977). In that case, the widow of an insured under a life insurance policy brought a tort and contract action against Nationwide Life Insurance Co. and its agent alleging that the agent had negligently misrepresented the terms of the policy issued to the insured. The policy was purchased to pay off the insured's mortgage in the event of his death.

After the policy was purchased, an agent of a Nationwide competitor informed the insured that he could receive the same mortgage protection and $5,000 worth

of whole life coverage for a "few dollars more per month." The insured asked Nationwide's agent if Nationwide offered a similar policy. After reviewing the matter, Nationwide issued the insured a $5,000 whole life policy with a "20-year family income rider."

When the insured died, his wife contacted Nationwide's agent, who told her that she had a very good policy and would receive approximately $16,000. Because the balance on the mortgage was $11,100 and the policy contained an additional $5,000 worth of whole life insurance, the agent's estimate comported with her expectations under the policy. A few days later, Nationwide's agent informed the widow that she would only be receiving $10,400.

At trial, the widow testified that her husband had clearly indicated that he wanted $5,000 worth of additional life insurance, and that the agent represented that he could secure such protection for a "few dollars more" than Nationwide's competitor had suggested. She further testified that after the agent presented the policy and represented that it fulfilled their wishes, they never examined its terms closely, relying on the agent's representation as to coverage.

The agent testified that he made no such representation, and Nationwide argued that the widow's testimony concerning any such representation was barred by the parol evidence rule. The widow argued that the testimony was admissible because it was not offered to vary the terms of the policy, but to show that the agent had committed the tort of negligent misrepresentation.

The trial court directed a verdict for the widow on her breach of contract claim in the amount of $10,430.

The jury returned a verdict for the widow on the negligent misrepresentation claim in the amount requested.

The defendants appealed, again raising the parol evidence rule. The Superior Court agreed with the widow that the representation of the agent was offered to show that the agent committed the tort of negligent misrepresentation. Thus, the court held that the parol evidence rule was not applicable because the evidence was not offered to alter, vary or contradict the terms of an integrated writing.

On appeal, the Supreme Court affirmed, concluding that the widow sought recovery on the basis of the policy as it should have been written. As the court stated, "[i]n reality this was a request for reformation of the policy as it should have been written. When reformation is sought, oral testimony is permitted in misrepresentation cases and in breach of contract cases." *Rempel v. Nationwide Life Insurance Co.,* 471 Pa. 404, 413-414, 370 A.2d 366, 370 (1977). In reaching the above conclusion, a plurality[2] of the court stated that, "[w]hether or not the parol evidence rule should be inapplicable in all misrepresentation cases is an issue we need not now decide." *Id.* In other words, the court affirmed the Superior Court without deciding the issue of whether the parol evidence rule was inapplicable in a negligent misrepresentation case. Thus, the Superior Court's conclusion with regard to that issue has become dictum.

This same conclusion appeared to be expressed by the Superior Court itself in the case of *LeDonne v. Kessler, supra.* In that case, the Superior Court refused to apply

---

2. Three justices concurred in the result without an opinion.

the parol evidence rule to bar testimony concerning the fraudulent misrepresentations of a home seller when the condition of the house was not readily discoverable by the purchaser. At the conclusion of its opinion, the court stated the following concerning *Rempel:*

"Appellants have not contended at any time that the parol evidence rule does not apply to this suit because they have sued in trespass rather than assumpsit.... In *Rempel* ... [o]ur court held that the parol evidence rule did not apply when a party sued in trespass rather than assumpsit. On appeal our Supreme Court affirmed. A plurality of the court per Manderino, J., noted, but did not decide, the issue of the parol evidence rule's applicability in trespass cases.... An insurance case such as *Rempel* may well be sui generis and of limited precedential value in a case involving parties of equal bargaining power and sophistication. Without a lower court's consideration of *Rempel's* reach and the assistance of briefs by opposing counsel, it would be inadvisable to consider this issue sua sponte." 256 Pa. Super. at 296, 389 A.2d at 1132 n. 11. (citations omitted)

We believe that the Superior Court's reasoning in *Rempel* is dictum as a result of the Supreme Court's decision in the same case. In any event, we agree with the Superior Court that *Rempel* may not be applicable in a case such as the instant one involving a purchaser and seller of equal bargaining power. Thus, we accept the Superior Court's invitation to explore the reach of *Rempel* in a case such as this one, and the applicability of the parol evidence rule in a negligent misrepresentation case involving an integrated written agreement.

Of the jurisdictions that have directly considered the issue, there are two schools of thought. The majority apply the logic of *Rempel* and hold that in negligent misrepresentation cases involving an integrated written contract, parol evidence is admissible because the evidence is not used to alter the terms of the contract, but rather is used to prove the elements of the tort of negligent misrepresentation. See *Formento v. Encanto Business Park*, 154 Ariz. 495, 744 P.2d 22 (1987); *Keller v. A.O. Smith Harvestore Products Inc.*, 819 P.2d 69 (Colo. 1991); *Wilburn v. Stewart*, 110 N.M. 268, 794 P.2d 1197 (1990): *Gilliland v. Elmwood Properties*, 301 S.C. 295, 391 S.E.2d 577 (1990); *Stamp v. Honest Abe Log Homes Inc.*, 804 S.W.2d 455 (Tenn. App. 1990).

The second school of thought was best articulated by Chief Justice Rovira in his dissenting opinion in *Keller v. A.G. Smith Harvestore Products Inc., supra*. See also *Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22 (10th Cir. 1984); *Tokio Marine and Fire Insurance Co. Ltd. v. McDonnell Douglas Corp.*, 617 F.2d 936 (2nd Cir. 1980); *Ritchie Enters. v. Honeywell Bull Inc.*, 730 F.Supp. 1041 (D. Kan. 1990); *Stanley v. Miro*, 540 A.2d 1123 (Me. 1988); *Rio Grande Jewelers v. Data General Corp.*, 101 N.M. 798, 689 P.2d 1269 (1984). Chief Justice Rovira noted the following with regard to the *Rempel* logic:

"Allowing a party to sue for representations made prior to the execution of a contract, although the contract specifically states that such representations are not to be relied upon and are not binding, is antithetical to the principles of freedom of contract.... Contracts between competent parties, voluntarily and fairly made, should

be enforceable according to the terms to which they freely commit themselves. Parties to a contract should be able to allocate the risk, and determine their rights and liabilities under a contract, such as disclaiming liability for negligent misrepresentations made prior to the sale....

"Tort law should not be a means of circumventing the principles of contract law. 'The effect of confusing the concept of contractual duties, which are voluntarily bargained for, with the concept of tort duties, which are largely imposed by law, would be to nullify a substantial part of what the parties expressly bargained for—limited liability.' 'Tort law proceeds from a long historical evolution of externally imposed duties and liabilities.' 'Important to the vitality of contract is the capacity voluntarily to define the consequences of a breach of a duty before assuming the duty....'

"Public policy encourages freedom between competent parties to enter into contracts and establish the terms and conditions of the relationship. Unless contrary to established public policy or statutory law, the terms of the contract should be enforced as written, not as a court would wish them to be." *Keller,* 819 P.2d at 75-77. (Rovira, C.J., dissenting). (citations omitted)

This is the same logic espoused by the dissent in *Rempel* itself. There, Judge Jacobs, joined by Judge Hoffman, stated that "[w]here the agreement is absolute and certain on its face, the parol evidence rule cannot be circumvented merely by changing the form of the action from assumpsit to one based upon negligent misrepresentation." *Rempel,* 227 Pa. Super. at 96, 323 A.2d at 197 (Jacobs, J., dissenting). (footnote omitted)

We agree with Chief Justice Rovira that the tort/contract distinction adopted by the majority of states is irreconcilable with the doctrine of freedom of contract. The conclusion reached by those states is based on a hollow distinction which allows a party to gain the benefit of an integration clause without any of the attendant risks. By limiting or waiving one's right to rely on oral representations made, a party is able to gain more in a transaction. However, after accepting the "better bargain" and receiving its benefits, an injured party is allowed to acknowledge the same representation he expressly disavowed in order to receive those benefits. In other words, the tort/contract distinction renders the contract a nullity. If the parties are willing to enter a bargain freely and agree to sacrifice certain rights and allocate the risks, they should be prepared to accept those risks and fulfill their promises in addition to enjoying the fruits of their agreement. Otherwise, contracts are rendered worthless, and one can no longer choose the duties he is willing to accept. Rather, those duties will be imposed upon him. Such a result should not be favored in a free society.

We acknowledge that public policy prevents one from limiting another's liability for fraud. *Berger v. Pittsburgh Auto Equipment Co.*, 387 Pa. 61, 127 A.2d 334 (1956). Further, public policy allows one to avoid an integrated contract entered into by mutual mistake. *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966).[3] These are sound policy decisions. However, we can think of no good

3. We do not address the applicability of the parol evidence rule to a cause of action for fraudulent misrepresentation. Further, we do not address the applicability of the parol evidence in a case in which a party alleges accident or mistake.

reason to prevent parties to a contract from limiting their ability to recover for the other's negligence—especially where the parties have equal bargaining power and there is no fraud in the execution of the agreement.[4] Thus, we hold that parol evidence is inadmissible to prove the tort of negligent misrepresentation where the parties have entered into an integrated contract which expressly states that the agreement is not entered into as a result of any oral representations. For this reason, buyers are unable to prove the tort of negligent misrepresentation in the instant case,[5] and sellers' motion for partial summary judgment is granted as to that claim.

Wherefore, we enter the following

## ORDER OF COURT

And now, July 7, 1992, the motion for partial summary judgment of defendants John B. Conneen and Olga F. Conneen is hereby granted. The plaintiffs' claim of negligent misrepresentation by the Conneens is hereby dismissed.

---

4. In fact, it is fundamental that one can limit his or her ability to sue for another's negligence. See, e.g., P.L.E. Release §6.

5. The parol evidence is admissible to prove the fraud claim, but it may not be considered as proof of the negligent misrepresentation claim. Evidence admissible for one purpose cannot be used for another purpose for which it is not admissible. *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971); *Bialek v. Pittsburgh Brewing Co.*, 430 Pa. 176, 242 A.2d 231 (1968); *Carter v. U.S. Steel Corp.*, 390 Pa. Super. 265, 568 A.2d 646 (1990), *rev'd on other grounds*, 604 A.2d 1010 (Pa. 1992).